In re GRACE et al.

(Circuit Court, N. D. California. June 15, 1896.)

No. 12,123.

1. CUSTOMS DUTIES—CLASSIFICATION—BOTTLES AND GLASSWARE.

Paragraph 88 of the act of August 27, 1894, is in substance a condensation and re-enactment of paragraphs 103, 104, and 105 of the act of 1890, with certain exceptions and changes of verbiage; and, being construed in connection therewith, it is apparent that the last clause was intended to take the place of paragraph 105, and therefore covers glassware other than bottles and vials, which are provided for in the preceding clauses.

2. SAME—"HOCK BOTTLES."

Hock bottles, holding not more than one pint, and not less than one-quarter of a pint, though commercially known as "bottles," and not as "vials," are dutiable at 1⅛ cents per pound, under the second clause of paragraph 88 of the act of August 27, 1894, which reads "and vials holding" the above specified quantities, and not as other "lime bottle glassware, not specially provided for." under the first clause, or as "all other * * * glassware," in the last clause.

An application and petition were filed by W. R. Grace & Co. for a review, under section 15 of the customs administrative act of June 10, 1890, of the decision of the board of United States general appraisers in relation to the classification and duty on certain bottle glassware imported by the petitioner. The collector, and, upon appeal from his decision, the board of general appraisers, held that the bottles imported were subject to a duty of 1⅓ cents per pound, as provided by the second clause of paragraph 88 of the tariff act of August 27, 1894, commonly known as the "Wilson Bill." The importer claimed that the duty should be assessed according either to the first clause or the last clause of paragraph 88.

H. S. Foote, U. S. Dist. Atty., and Samuel Knight, Asst. U. S. Atty.

Chas. A. Garter, for importer and petitioner.

MORROW, District Judge (after stating the facts as above). This is an application and petition by W. R. Grace & Co. for a review of the decision of the board of United States general appraisers, dated September 5, 1895, as to the rate and amount of duty on certain imported bottle glassware, under paragraph 88 of the tariff act of August 27, 1894, commonly known as the "Wilson Bill." The importation in question consists of 14,400 bottles, invoiced as pint wine bottles. The collector of the port of San Francisco classified the importation as "colored glass bottles, holding not more than one pint, and not less than one-quarter of a pint," and fixed the rate and amount of duty at 1⅓ cents per pound, being the rate provided under the second clause of paragraph 88, Schedule B, of the tariff act of August 27, 1894, "for vials holding not more than one pint, and not less than one-quarter of a pint." The duty amounted to the sum of $154.69. The importer appealed to the board of United States general appraisers, which affirmed the decision of the collector. He now petitions this court, under section 15 of the cus-

toms administrative act of 1890, for a review of the decision of the board, and claims that the importation in question is not subject to the duty of 1⅛ cents per pound, because the glassware consti- tuting it are not "vials," nor commonly known as such, but are bot- tles or one-half bottles, and are commercially known as such; and that the law makes no special provision for glass bottles holding not more than one pint, and not less than one-quarter of a pint, other than vials, which are a particular kind of glass bottles used by druggists and chemists. It is claimed that the bottles are du- tiable either as "other colored glassware," at the rate of 40 per cent. ad valorem, or else as "other colored bottled glassware not especially provided for in said act," at the rate of three-fourths of one cent per pound; and the court is asked to reverse the decision of the board and the collector, and to give judgment to the importer for the difference of the duty paid under protest and that adjusted as claimed.

Preliminarily, the point is made by the district attorney that no proper service of the petition for review was made or notice given either to the collector or to the district attorney, under section 15 of the customs administrative act of 1890. In the view I take of the law governing the question of the duty applicable to this im- portation, it is unnecessary to consider this technical objection.

The question of the amount of duty involves the construction of the different clauses of paragraph 88 of the act referred to, which reads as follows:

"Glass and Glassware. (88) Green and colored, molded, or pressed, and flint and lime glass bottles holding more than one pint, and demijohns and carboys, covered or uncovered, whether filled or unfilled and whether their contents be dutiable or free, and other molded or pressed green and colored and flint or lime bottle glassware not specially provided for in this act, three- fourths of one cent per pound; and vials holding not more than one pint and not less than one-quarter of a pint, one and one-eighth cents per pound: if holding less than one-fourth of a pint, forty cents per gross; all other plain green and colored, molded or pressed, and flint lime and glassware, forty per centum ad valorem."

The district attorney contends that the second clause, which fixes the tariff on "vials," necessarily includes bottles "holding not more than one pint and not less than one-quarter of a pint," and that such was the intention of congress. On the other hand, the im- porter claims that that clause is inapplicable, because bottles are not mentioned, and the importation in question consists of bottles, and not vials. The testimony taken before the referee preponder- ates in favor of the proposition that the glassware in question con- sists of what is known commercially as "hock bottles"; that the articles are known as "bottles," and not as "vials"; and that the term "bottle" is a general name applied to glass vessels, while the term "vial" is more generally understood to be a kind of bottle— a small bottle—used principally by druggists and chemists. The only real question involved is one of law, as to the construction of these several clauses of paragraph 88, to ascertain whether con- gress intended to include bottles in the second clause. It will be noticed upon comparison that paragraph 88 is a condensation and

re-enactment of paragraphs 103, 104, and 105 of the tariff act of October 1, 1890, commonly known as the "McKinley Bill." Paragraph 103 of that act reads as follows:

"Green, and colored, molded or pressed, and flint, and lime glass bottles, holding more than one pint, and demijohns, and carboys (covered or uncovered), and other molded or pressed green and colored and flint or lime bottle glassware, not specially provided for in this act, one cent per pound. Green, and colored, molded or pressed, and flint, and lime glass bottles, and vials holding not more than one pint and not less than one-quarter of a pint, one and one-half cents per pound; if holding less than one-fourth of a pint, fifty cents per gross."

Paragraph 104 applied to all the articles enumerated in the preceding paragraph if filled, and not otherwise provided for by that act, and the contents thereof were subject to duty; and it further provided that if the articles enumerated were filled, and not otherwise provided for by the act, and the contents thereof were not subject to duty, they should be subject to the rates of duty prescribed in the preceding paragraph. Paragraph 105 applied to plain flint and lime, pressed glassware. It is clear that paragraph 103 was intended to apply to bottles, vials, and other glassware which were imported empty; paragraph 104, to those that were imported filled; and paragraph 105, to plain glassware other than bottled glassware. These three paragraphs, as stated, were consolidated, condensed, and re-enacted into one paragraph in the present law. The provisions of both acts are, however, almost identical, with certain exceptions, such as reduction of duty and change of verbiage in some particulars. The provision contained in the last clause of paragraph 88 of the present law, that "all other plain green and colored, molded or pressed, and flint lime and glassware, forty per centum ad valorem," is not found in either paragraph 103 or 104 of the earlier act, and was intended, undoubtedly, as a substitute for paragraph 105. The object of paragraph 103 was, clearly, to provide rates of duty on three general classes of bottles: (1) Those bottles holding more than one pint, and other bottle glassware not specially provided for in that act; (2) those bottles and vials holding not more than one pint, and not less than one-quarter of a pint; and (3) those bottles and vials holding less than one-fourth of a pint. The purpose of paragraph 88 of the tariff act of 1894 is not only to do the same, but more. It consolidates the provisions as to bottle glassware with that relating to glassware, and purports to provide rates of duty for both classes of merchandise. This is apparent from the language of the last clause just referred to, and the further fact that no other provision relating to plain glassware is to be found in the present law. In this fact we have an explanation of the purpose of this clause at the end of paragraph 88. It was intended to take the place of what in the earlier act was a separate paragraph, and to apply to all "plain green and colored, molded or pressed, and flint lime and glassware," as distinguished from bottle glassware. It is manifest, therefore, that the petitioner's contention, that the bottles should be classified under that clause, is untenable, for it was intended to apply to glassware other than bottle glassware. Nor can the first clause be said

to apply to the importation in question, unless we conclude that these hock bottles are not otherwise specially provided for in the act, either expressly or impliedly. This clause cannot reasonably be made applicable to these bottles, even under the proviso as being not otherwise provided for, because it would be placing bottles holding not more than one pint on the same basis as bottles holding more than one pint, which, by the words of description employed, it is evident that was the very thing congress did not intend to do. So that the bottles in question, if they are to be taxed at all, must be under the second clause. The paragraph, after providing for bottles holding more than one pint and other bottle glassware not specially provided for in the act, reads "and vials holding not more than one pint and not less than one-quarter of a pint, one and one-eighth cents per pound." The bottles comprising this importation answer the requirements of this clause, in that they hold not more that one pint, and not less than one-quarter of a pint, and in that they have long necks, a quality peculiar to vials; but they are known commercially as "hock bottles," and not as "vials." The question is, therefore, whether the words "and vials" refer exclusively to bottles of that particular description, or whether, from their grammatical position and relation to the preceding and following clauses in the paragraph, congress intended to include bottles as well. It is my opinion, taking the paragraph as a whole, and giving effect to its every clause, that this second clause, beginning with the words "and vials," was intended to apply to bottles. It is true that the word "bottles" is not used, while in paragraph 103 of the act of 1890 that term was specifically employed. But a comparison of paragraph 103 of that act and paragraph 88 of the present law will show that the two provisions are so differently constructed from a grammatical standpoint that the omission of the word "bottles," while perhaps not consistent with the clearest method of expression, still dispenses with any repetition of that word. In paragraph 103 of the earlier act, the provisions as to bottles and vials "holding not more than one pint," etc., begins with a new sentence. Therefore the word "bottles" had necessarily to be repeated, or some other equivalent language of reference employed. In paragraph 88 of the present law, the provision as to bottles holding more than one pint, and the succeeding provision, beginning "and vials holding not more than one pint," etc., are separated from each other by a semicolon, and the conjunction "and" is inserted to connect the two provisions. It was evidently considered unnecessary to repeat the somewhat long expression relating to bottles found in the first clause, and it was deemed sufficient to insert a semicolon, and add on the words "and vials," which latter article of bottle glassware had not theretofore been mentioned or provided for in the act. The word "bottles" was therefore dropped. In fact, the entire expression, viz. "green and colored, molded, or pressed, and flint and lime glass bottles," was omitted. This was doubtless done to avoid what appeared to be an unnecessary repetition. A comparison of these paragraphs, in subordination to the manifest intention of congress to tax bottle glassware and glassware other than bottles at reduced rates, but in accordance

with previous classification, seems to me to fully support this view. It is my opinion, therefore, that the importation in question, consisting of hock bottles, holding not more than one pint, and not less than one-quarter of a pint, is subject to the duty prescribed by the second clause of paragraph 88, of $1\frac{1}{8}$ cents per pound.

The petition of the importer will be dismissed, and judgment entered in accordance herewith.

NOTE. The expressions of opinion uttered in the debates in the senate while this paragraph was under consideration, and with reference to the very question involved upon this petition, support the view taken by the court. See Cong. Rec. May 20, 1894, p. 5976:

"Mr. Aldrich. After hearing the paragraph read, I suggest to the senator from Arkansas that it will probably be necessary to insert before the words 'and vials' the words 'all of the above'; so that there shall be a connection between the two classes of glassware.

"Mr. Jones, of Arkansas: The two clauses of the paragraph are connected by the word 'and.' There can be no difficulty about the construction, in my judgment.

"Mr. Aldrich: Upon a casual reading of it, I think there might be, but still I am perfectly willing to let it go for further examination.

"Mr. Jones, of Arkansas: It can be amended if it is subject to criticism.

"Mr. Aldrich: The intention of the committee is very plain.

"Mr. Jones, of Arkansas: It is to connect the two branches of the paragraph; there is no question about that."